### James H. Isbell v. The State.

The 609th Article of the Code of Criminal Procedure reads as follows: "If the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty, and, in either case, if they shall find the offense of murder to be of the second degree, they shall also find the punishment." (Paschal's Dig., Art. 2268.) Where the indictment was in the general form, charging the offense of murder, and the verdict was, "We the jury find the defendant guilty," it was not a response to this article, and should have been set aside.

APPEAL from Lamar. The case was tried before Hon. WINSTON BANKS, one of the district judges.

The defendant was indicted for murder in the usual form. The jury found the defendant guilty. As the case turned upon the sufficiency of the verdict, no further statement of the facts is necessary.

No briefs have been furnished to the *Reporter.*

LINDSAY, J.—The error committed in the trial of this case in the district court is of such a nature that we are constrained to reverse it.

The indictment is for murder generally, without appropriate allegations fixing the degree of murder. It neither avers

that it was committed by poison, starving, torture, or with express malice; nor does it allege that it was committed in the perpetration, or in the attempt at the perpetration, of arson, rape, robbery, or burglary. The verdict simply responds, "We the jury find the defendant guilty," without determining whether guilty of murder of the first or second degree. Notwithstanding the charge in the indictment is the general charge of murder, with malice aforethought, yet the jury might, under such general averment, have properly found the accused guilty of murder in the first or second degree, according to what, in their judgment, the facts might seem to warrant. But the verdict as rendered may be a true response to the allegations in the indictment, and yet it does not settle what offense was actually committed by the accused, whether murder in the first or second degree, and the court could not with any certainty or propriety pronounce judgment upon such a finding. Article 2268, Paschal's Digest, prescribes that the jury shall find by their verdict whether the murder is of the first or second degree. Their failure to do so may, perhaps, be ascribed to the remissness or oversight of the court in neglecting to so charge them.

The judgment of the court below is therefore reversed, and a new trial awarded.

REVERSED AND REMANDED.